## JAMES HALL *et ux.*, Appellants &c., *versus* JOSHUA DAVIS *et al.*

A testator, after devising one fifth part of his estate to each of his children, directed that all he had advanced to them respectively, and for which he had claims and demands, should be considered as a part of his estate and as a part of the devises. These claims against the different children were unequal in amount, and consisted of promissory notes on interest and book charges. It was *held,* that the sum for which any note was given, should be considered as an advancement, not bearing interest, and that the promisor should not be allowed to pay it as a debt in order to entitle himself to a fifth part of the testator's real estate.

This was an appeal from a decree of the judge of probate on the petition of the appellants for a partition of the real estate of Amasa Davis, late deceased.

Davis left five children, the wife of James Hall being one of them. By his last will he gives to each child one fifth of the residue of his estate, real, personal, and mixed, after the payment of his debts and specific legacies, and then directs as follows : — " And it is further my will, that each of my children &c. shall be charged with all the claims and demands which I now have, or at the time of my decease shall have, against them respectively, and that the several devises, legacies and bequests herein made, shall respectively be diminished by deducting my said claims and demands from them respectively, so that all that I have advanced for them respectively, and for which I have claims and demands, shall be considered as a part of my estate, and as a part of the legacies and devises herein provided."

The respondents, who were the executors, paid all the debts and specific legacies out of the personal estate.

In the testator's books were sundry charges against some of the children, and among his papers were certain promissory

otes made by his son and sons-in-law, purporting to be on interest. One of these notes was made by Hall, in 1814, for 5000 dollars.

'Before presenting this petition, Hall offered to pay to the executors the face of his note, but refused to pay the interest, alleging that it was given for sums furnished as advances ; that it was intended by the testator, that interest should be charged, either against none, or against all of his children, so that an equal division should be made of the estate, whether the claims should be considered as debts or as advances ; and that if interest was raised on the other claims, then he was willing to pay his note with interest. And whatever might be the decision in regard to interest, the appellants claimed the right of paying the note in money, and thus entitling themselves to one fifth of the real estate.

The executors resisted the partition, partly on the ground, that when it should be made, the petitioners would not be entitled to one fifth of the real estate ; but that the amount of all the advances to the children should be added to the value of the estate unadministered, and that this aggregate should be divided equally among the five children, each one to be charged with his notes and interest thereon, and with the book charges against him, and to receive the balance of his share in the real or other estate.

*S. Hubbard*, for the appellants, referred to *Quarles* v. *Quarles*, 4 Mass. R. 680 ; *Bemis* v. *Stearns*, 16 Mass. R. 203.

*Peabody*, for the respondents, cited *Osgood* v. *Breed*, 17 Mass. R. 359.

*Per Curiam.* No doubt the testator might have considered the notes and the book charges as debts ; but in the general distribution of his estate he chose to consider them both as advancements. He saw that if he should treat them as debts, the notes would carry interest, while the book charges would not, and he intended to guard against that result. Hall has no right to pay his note and come in for a fifth of the real estate, because the sum for which it was given is not a debt, but an advancement and no interest is to be allowed upon it.

*April 4th.*

*April 5th.*

**452**

On this view we are satisfied that the partition should be decreed, reference being had to the advancements.

*Decree reversed and proceedings remitted.*